UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYRONE TAYLOR                                             CIVIL ACTION

VERSUS                                                    NO. 10-841

NELSON COLEMAN                                            SECTION "J"(1)
CORRECTIONAL CENTER, ET AL.

**REPORT AND RECOMMENDATION**

Plaintiff, Tyrone Taylor, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 claiming that he has been denied adequate medical care. In the original complaint, he sued only the Nelson Coleman Correctional Center.[1] The Court thereafter informed him that the prison was not a proper defendant and directed him to file an amended complaint.[2] He then filed an amended complaint adding Sheriff Greg Champagne, Warden John Nowak, and Nurse Bridgette Oubre as defendants.[3]

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

A <u>Spears</u> hearing was held in this matter on April 21, 2010.[4] Based on the complaint and the testimony at the <u>Spears</u> hearing, the Court finds that plaintiff is making the following allegations in support of his claims.

On November 11, 2009, plaintiff became weak and fell in the shower. Nurse Bridgette Oubre told him to fill out a medical request form if he was injured and needed medical assistance. He complied with that order, and he was seen in the jail medical department approximately one week later. X-rays were taken; however, they revealed no injuries. Nevertheless, plaintiff was prescribed medication to relieve the pain he was experiencing.

During the following week, plaintiff continued to experience pain. On November 26, 2009, medical personnel decided that plaintiff's complaints of chest pains warranted a trip to the hospital. At the hospital, the physicians concluded that plaintiff needed gall bladder surgery. That surgery was performed approximately one week later after his blood pressure stabilized.

Plaintiff claims that the defendants' actions or in actions violated his constitutional rights. He seeks relief pursuant to 42 U.S.C. § 1983 which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

[4] See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id</u>.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[5]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[5] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint[6] and his Spears hearing testimony, the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

## II. Nelson Coleman Correctional Center

In the original complaint, plaintiff named the Nelson Coleman Correctional Center as a defendant. That is improper. The correctional center is a building, not a "person" subject to suit under 42 U.S.C. § 1983. Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 07-2891, 2007 WL 1702780, at *2 (E.D. La. June 11, 2007); see also Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976). Accordingly, the claim against the Nelson Coleman Correctional Center should be dismissed.

## III. Sheriff Greg Champagne and Warden John Nowak

In the amended complaint, plaintiff added Sheriff Greg Champagne and Warden John Nowak as defendants. However, plaintiff testified at the Spears hearing that Champagne and Nowak had no personal involvement in the events giving rise to plaintiff's claims and were named as defendants based solely on their supervisory positions. That, too, is improper. Champagne and Nowak cannot

5

be held liable pursuant to 42 U.S.C. 1983 under any theory of strict liability[7] or vicarious liability[8] for federal civil rights violations allegedly committed by a subordinate. Accordingly, the claims against Champagne and Nowak should be dismissed.

## IV. Nurse Bridgette Oubre

The only remaining defendant is Nurse Bridgette Oubre. However, for the following reasons, it is evident that the claims against her should also be dismissed.

In this lawsuit, plaintiff claims that he was provided inadequate medical care. The constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his *serious medical needs* are met with *deliberate indifference* on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In the instant case, the Court need not determine whether plaintiff's various medical needs

---

[7] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[8] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

were sufficiently serious to rise to that level because, even if they were, his claims still fail because he cannot show that Oubre acted with deliberate indifference.

The United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In the instant case, Oubre instructed plaintiff to fill out a medical request form if he felt medical care was needed after his fall in the shower. When he submitted the form, it was not ignored; rather, he was examined and treated approximately one week later.

With respect to that incident, plaintiff's complaint is that he should not have had to wait a week before being seen in the medical department. However, a one week wait for a nonemergency medical appointment does not strike the Court as unreasonable, and it is certainly no greater than the delays generally experienced by persons seeking medical care outside of prison. In any event, even if the delay were considered undue, mere delay is insufficient to create § 1983 liability unless substantial harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Bennett v.

Louisiana *ex rel*. Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir. 2007). In this case, plaintiff was not substantially harmed by the delay because, when he was seen in the medical department one week later, the x-rays and examination revealed no injury.

Plaintiff's second claim concerns the failure to correctly diagnose his condition as a gall bladder problem and to relieve his continuing pain. However, the mere fact that the initial diagnosis was incorrect or that the treatment was unsuccessful does not constitute deliberate indifference. Gobert, 463 F.3d at 346; Domino, 239 F.3d at 756; Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). It is also clear that the fact that a prisoner allegedly continues to experience pain despite treatment is insufficient to state a constitutional claim. Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); see also Spruill v. Gillis, 328 Fed. App'x 797, 801 (3rd Cir. 2009).

At best, plaintiff's allegations in this case evince nothing more than negligence or malpractice which is never alone sufficient to state a federal claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999); see also Kelly, 2007 WL 2007992, at *4; Cerna, 2004 WL 42602, at *2. Such claims of negligence or malpractice are for the state courts, not a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

Accordingly, for all of the foregoing reasons, the claims against Oubre should be dismissed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this twenty-second day of April, 2010.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.